IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY WILSON,

    Plaintiff,

    v.                                        No. CIV 13-1034 KG/LAM

GEO INCORP C/O WARDEN JANECKA,
LIEUTENANT BUNGALEU,
SARGEANT PERRY,
WARDEN JANECKA,
IN THEIR INDIVIDUAL CAPACITY,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed his complaint. He appears pro se and has moved for leave to proceed in forma pauperis ("IFP"). According to the docket, Plaintiff has been released from custody. The Court will grant the IFP motion, and under *Christensen v. Big Horn County Bd. of County Comm'rs*, 374 F. App'x 821, 830 (10th Cir. 2010); *Brown v. Eppler*, 725 F.3d 1221, 1231 n. 7 (10th Cir. 2013), no payments will be ordered. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

1

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that officials at the Lea County, New Mexico, Correctional Facility, placed Plaintiff in a housing unit with gang members. The Defendant officers knew of the "Gang's history of hatered for Blacks" and disregarded "signs . . . of racial altercation." In spite of Plaintiff's numerous requests to be moved to a different unit, Defendants failed to move him. On June 23, 2012, he suffered serious injuries when he was assaulted by other inmates. Plaintiff claims that Defendants' actions violated his Eighth Amendment protection against cruel and unusual punishment. The complaint seeks damages.

Plaintiff's complaint appears to be precluded by the judicially-devised prohibition of claim splitting. At pages 4-5 of the complaint, Plaintiff states that on September 7, 2012, he filed a complaint in state court "dealing with the same facts involved in this action" against the same Defendants. The state court case remains pending. As the Court of Appeals for the Tenth Circuit has discussed in detail, Plaintiff may not prosecute this later-filed duplicative action:

> District courts have discretion to control their dockets by dismissing duplicative cases. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Long ago, the Supreme Court captured the general principle regarding claim-splitting:

> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties . . . ; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis . . . of the relief sought must be the same.

*The Haytian Republic*, 154 U.S. 118, 124 (1894) (quotation omitted); . . . *see also Stone v. Dep't of Aviation,* 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions.").

. . . .

. . . While we analyze claim splitting as an aspect of res judicata, the claim-splitting doctrine does not fall within a conventional res judicata analysis. *See Curtis*[ *v. Citibank, N.A.*], 226 F.3d 133, 138 (2d Cir. 2000) ('The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata*.').

. . . .

> . . . It is clear that a motion to dismiss based on improper claim-splitting need not--indeed, often cannot--wait until the first suit reaches final judgment.... Thus, in the claim-splitting context, the appropriate inquiry is whether, *assuming that the first suit were already final,* the second suit could be precluded pursuant to claim preclusion.

*Hartsel*[ *Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n. 1 (10th Cir. 2002)] (emphasis added). . . .

   Our precedent cannot be clearer: the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation.

*Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011).

   The Court in Katz affirmed dismissal of the plaintiff's case, *see id.* at 1219, observing that dismissal for claim splitting does not "leave a party without recourse for its claims . . . [because] the dismissed party is involved in another pending suit regarding the same subject matter against the same defendants," *id.*; *and cf. Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (noting that a second action that "raises *new and independent* claims . . . based on the new facts" is not precluded by the doctrine of *res judicata*).   Under the precedential rulings above, and

3

in order to conserve judicial resources and avoid duplicative parallel litigation, *see Hartsel Springs Ranch*, 296 F.3d at 985, the Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE